## 12002.  ALFORD v. THE STATE.

BROYLES, C. J.  In a prosecution under sections 715, 716 of the Penal Code of 1910 (known as the "labor-contract act"), the burden is upon the State to show affirmatively that the accused failed to perform the services contracted for, or failed to return the money advanced on the strength of the contract, "without good and sufficient cause." *Allen* v. *State*, 22 *Ga. App.* 274 (95 S. E. 872),- and authorities cited. Under this ruling the State in the instant case did not carry this burden, and the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 8, 1921.

Accusation of cheating and swindling; from city court of Leesburg — Judge Martin.  November 10, 1920.

Nig Alford was convicted upon an accusation which charged that under an oral contract to work for J. E. Matthews as a farm hand, he procured $1 from Matthews with intent not to perform the services contracted for, and that without good and sufficient cause he failed and refused to perform the services or return the money.  The case came to this court on exceptions to the overruling of a motion for a new trial, in which he alleged that the verdict was contrary to law and the evidence.

The only witness was the prosecutor, Matthews, who testified that the defendant worked for him during the year 1918, and, on or about December 1 of that year, made a contract to work for him for the next year as a wages hand on a certain plantation, and received from him $1 advanced on the faith of this contract, and that the defendant did not perform the contract and did not return or offer to return the money.  The witness further testified: "He left my place some time in December, 1918, without my knowledge and without my consent, and did not show up for work on January 1st, nor did he give me any reason for not coming to work.  He worked on the farm rented to me for some time after I made the advance. . . I do not know positively that the defendant was not sick or in jail, but I do know that I did not give the defendant any cause to fail or refuse to carry. out his contract.  He did not send me word that anything wa/ wrong with him, nor did he make any complaint- to me as to why he did not want to perform the services contracted for.  The first time I saw the defendant after he left my place was in the

spring of 1919. He told me that he was working for Mr. Hodges that year. I demanded that he pay me my money, all that was due me, which aggregated a total of $140. I never demanded the payment of the $1 advance, but did demand all the money that was due me. I went to Mr. Hodges three times in an effort to get him to pay the account of the defendant, and offered to settle the same for $100 cash. I sustained a loss of $1 by the failure of the defendant to perform his contract. I got what he made on the farm he rented from me in 1918, but this did not pay what he owed me."

The defendant's statement on the trial was as follows: "I worked with Mr. Mathis the year 1918; he took all I made. I never made any contract to work with him the year 1919. I moved to Mr. Hodges and had a one-horse farm there. Mr. Mathis came over to see me and tried to get me to quit my farm with Mr. Hodges and work for him. I told him I could not do it. He told me that if I did not he would take a warrant out for me for the $140 that he said I owed him. He never did tell me that he advanced me $1 on a contract, but he tried to get me, just before he took out the warrant, to quit my farm and help him in digging wells. He told me if I would do it he would pay Mr. Hodges what I owed him. I refused, and he then had me arrested. He never advanced me any money on a contract, and never claimed he made a contract with me, but he said he would prosecute me for $140. I am not guilty."

*Zach. Childers,* for plaintiff in error.
*E. L. Forrester, solicitor,* contra.